IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMONT KENNITH SMITH                    *
          Plaintiff

v.                                      * CIVIL ACTION NO. WDQ-13-2996

CECIL COUNTY SHERIFF DEPT.              *
          Defendant.

*****

## MEMORANDUM

On October 10, 2013, plaintiff, a resident of Newark, Delaware, filed a self-represented action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq*., and the Americans with Disabilities Act ("ADA") of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. Because he appears to be indigent, plaintiff's motion for leave to proceed in forma pauperis shall be granted pursuant to 28 U.S.C. § 1915(a).

Title VII provides for an extensive administrative remedial scheme that must be fully exhausted prior to the initiation of an employment discrimination suit in federal court. *See Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993); *Woodard v. Lahman*, 717 F.2d 909, 913-16 (4th Cir. 1983). Before filing a civil action, a plaintiff must file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory act. To activate the administrative process, a plaintiff would have to file a claim with the EEOC within 180 days of the allegedly discriminatory action. Upon receipt of a decision by the EEOC (right- to-sue letter), a party then has 90 days to file suit. 42 U.S.C. § 2000e-5. "Under Title VII and the ADA, a plaintiff must first timely file a charge with the EEOC before commencing a suit." *Lipscomb v. Clearmont Construction and Development Co.*, 930 F.Supp. 1105, 1106 (D. Md. 1995), *see also Bishop v.*

*Okidata, Inc.,* 864 F.Supp. 416, 424 (D. N.J. 1994). A plaintiff's failure to file a charge within the applicable limitations period bars a later lawsuit in federal court. *See McCullough v. Branch Banking & Trust Co.,* 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.")

According to plaintiff's complaint and attachments, his employment with the Cecil County, Maryland Sheriff Department was wrongfully terminated in March of 2008 and he filed a claim with the EEOC on an unspecified date during the fiscal year of 2012 (October 1, 2011 to September 30, 2012). On September 13, 2012, the EEOC dismissed the charge as untimely, because plaintiff "waited too long after the date(s) of the alleged discrimination to file [his] charge." ECF No. 1 at p. 9. Plaintiff seemingly contends that he did not receive a copy of the EEOC's right-to-sue ("RTS") letter and, upon inquiry to the EEOC, was provided a copy of the RTS letter by the EEOC on or about July 9, 2013. *Id.* at p. 8.

It is obvious, from the face of plaintiff's complaint and attachments, that plaintiff did not file a timely administrative charge of discrimination with the EEOC prior to filing the instant action in this court on October 10, 2013. Plaintiff cannot assert a timely claim of discrimination now, because in filing a claim with the EEOC, he missed the deadline for filing the required administrative charge regarding his 2008 termination from the Cecil County Sheriff Department. Thus, plaintiff's claim of discrimination is time-barred. A separate Order follows.

Date: October ___, 2013

William D. Quarles, Jr.
United States District Judge

2